IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN ROOFING SERVICES, INC. | § § § | |
| VS. | § § | CIVIL ACTION NO. G-08-038 |
| NATIONAL TRUST INSURANCE COMPANY, ET AL. | § § § | |

## OPINION AND ORDER

Before the Court is the Motion for Partial Summary Judgment of Plaintiff, North American Roofing Services, Inc. (North American). The Court, having considered the Motion, the response of Defendants FCCI Insurance Group and FCCI Insurance Company (collectively FCCI), North American's reply, the Parties other submissions and the arguments of counsel now issues this Opinion and Order.

North American brought this action against FCCI seeking a declaration that FCCI has a duty to defend it in a state court action and to reimburse it for attorneys' fees and expenses it incurred due to FCCI's refusal to do so. Subsequently, North American amended its complaint, on two occasions, and its current complaint now includes, *inter alia*, a claim for breach of the insurance contract and, alternatively, a claim for material misrepresentations by FCCI's agent as to the insurance coverage with resultant waiver and/or estoppel barring the denial of the intended coverage.

Although not raised by FCCI, the Court, at the commencement of a hearing on North American's Motion, questioned whether declaratory relief would be appropriate given the legal remedies available through the breach of contract and misrepresentation claims. North American

conceded that if it were to prevail on either claim it would be entitled to recover the same damages to which it would be entitled through declaratory relief: the value of FCCI's duty to defend.

The Declaratory Judgment Act, 28 U.S.C. § 2001, allows a Party to request declaratory relief and other relief in the same action. The Court, however, may use its discretion to determine whether declaratory relief is appropriate when other adequate legal remedies are available, The Pantry, Inc. V. Stop-N-Go Foods, Inc., 777 F.Supp. 713, 718 (S.D. Ind. 1991), and even dismiss the declaratory judgment claim. Newton v. State Farm Fire & Casualty Co., 138 F.R.D. 76, 80 (E.D. Va. 1991)   Because North American may be fully compensated on its alternative claims, and trial is not far away, it is **ORDERED** that its Motion for Partial Summary Judgment (Instrument no. 36) is **DENIED**.

In its response, FCCI argues that, despite the absence of a formal motion, it is entitled to summary judgment because two provisions in the Contractor Liability Advantage endorsement establish that there was no coverage in effect at the time of the occurrence made the basis of the state court action. North American contends that a fair reading of all of the relevant insurance provisions establishes FCCI's duty to defend.

Despite the mandatory language of Rule 56(c), the Court has discretion not to enter summary judgment when there is reason to believe the better course would be to proceed to a full trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)   In the instant case, North American asserts, that, *inter alia*, the language of the policy clearly provides a basis to trigger FCCI's duty to defend, or is ambiguous and, therefore, binds FCCI to provide a defense. In support, North American relies, in part, on the testimony of FCCI's corporate representative as to the meaning of relevant terms and provisions of the insurance documents. It may well turn out

that the Court is simply postponing the inevitable interpretation of the documents, however, testimony in this non-jury trial may be helpful to the Court by shedding some additional light on these issues.  See Marcus v. St. Paul Fire & Marine Ins., Co., 651 F.2d 379, 382 (5th Cir. 1981) ("Even if St. Paul were entitled to summary judgment, the sound exercise of judicial discretion dictates that the motion should be denied to give the parties an opportunity to fully develop the case.")    Moreover, granting FCCI's Motion at this time would not resolve North American's other claims so as to avoid the upcoming trial.  Therefore, it is further **ORDERED** that FCCI's Motion for Summary Judgment is **DENIED**.

       **DONE** at Galveston, Texas, this _____16th_____ day of December, 2009.

 

_____
John R. Froeschner
United States Magistrate Judge